FILED
2006 Oct-31 PM 02:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

<u>NORTHEASTERN DIVISION</u>

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | CASE NO. 3:06-cr-00319-KOB-JEO |
| ) | |
| **CHARLES PIERCE FARRIS, JR.** ) | |

**PLEA AGREEMENT**

The United States of America and defendant CHARLES PIERCE FARRIS, JR. hereby acknowledge the following plea agreement in this case:

**PLEA**

The defendant agrees to plead guilty to **COUNT(S)** One, Two and Three of the INDICTMENT filed in the above numbered and captioned matter. In exchange, the United States Attorney, acting on behalf of the United States and through the undersigned Assistant United States Attorney, agrees to recommend the disposition specified below.



## TERMS OF THE AGREEMENT

### I. MAXIMUM PUNISHMENT:

The Parties understand that the maximum statutory punishment that may be imposed for the crime of False Statement to Federally Insured Institution, in violation of Title 18, United States Code, Section 1014, as charged in COUNT One, is:

a. Imprisonment for not more than 30 years;

b. A fine of not more than $1,000,000, or,

c. Both (a and b);

d. Supervised release of not more than 5 years; and

e. Special Assessment Fee of $100 per count.

The Parties further understand that the maximum statutory punishment that may be imposed for the crime of False Representation of Social Security Number, in violation of Title 42, United States Code, Section 407(a)(7)(B), as charged in COUNTS Two and Three, is:

a. Imprisonment for not more than 5 years;

b. A fine of not more than $250,000, or,

c. Both (a and b);

d. Supervised release of not more than 3 years; and

e. Special Assessment Fee of $100 per count.

## II. FACTUAL BASIS FOR PLEA:

**The defendant hereby stipulates to the accuracy of the following information:**

FARRIS opened business and personal accounts at Cullman Savings Bank (CSB) in June and July of 2005. The business account was opened in June using social security number 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 and supporting documentation, which included federal tax returns with the same social security number. The personal account was opened in July using the same social security number and Georgia driver's license that was used to open the business account.

On July 12, 2005, FARRIS signed paperwork with CSB to open a personal checking account and represented to the bank that his social security number was 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. Later that year, CSB discovered that this was his father's social security number.

On September 12, 2005, FARRIS signed a loan application requesting a loan of $150,000 from CSB using the same information that was used to open the business and personal accounts. CSB requested a credit report but found several inconsistencies. The birth date on the credit report was 9-1-1929 and the previous employment information did not match what had been provided by FARRIS on

CPF

previous applications. CSB then requested a second credit report using the address on the Georgia driver's license provided by FARRIS.

The second credit report had a different social security number but matched the personal information, employment and birth date of FARRIS. This credit report revealed that FARRIS had very poor credit with several judgments and collections. CSB performed a secondary check with other available resources which indicated inconsistencies with the social security number, the date it was issued and the birth date of the applicant. CSB called the Social Security Administration which told the bank that SS#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 was issued prior to 1936 (FARRIS listed his date of birth in 1954).

At the time, FARRIS' business account was overdrawn by at least $93,000. After meeting with FARRIS concerning the discrepancies, the bank held the accounts open for 10 days prior to closing them for fraud.

## III. **RECOMMENDED SENTENCE**:

Pursuant to Rule 11(c)(1)(B), Fed.R.Crim.P., the government, will recommend the following disposition:

    (a)    That the defendant be at the low end of the advisory guideline range as that range is determined by the Court on the date

Page 4 of 11



sentence is pronounced;

(b) In calculating the advisory guideline range, the United States will recommend that the defendant received the maximum credit for acceptance of responsibility for which he is eligible pursuant to U.S.S.G. § 3E1.1.

(c) That the defendant be required to pay a fine consistent with the defendant's ability to pay as determined by the court, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release;

(d) That the defendant be required to pay restitution in the amount of $93,000, to the following victim:

  Cullman State Bank

(e) That the defendant pay a special assessment fee of $300, said amount due and owing as of the date sentence is pronounced.

## IV. WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF:

**As a term and condition of this Plea Agreement I, CHARLES PIERCE**

Page 5 of 11



**FARRIS, JR.**, hereby waive my right to appeal my conviction in this case, any fines, restitution, and/or sentence (including one for revocation of release) that the court might impose upon me, and the right to challenge any sentence so imposed or the manner in which the sentence was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255, subject to the following limitations:

The defendant reserves the right to contest in an appeal or post-conviction proceeding:

> (a) Any sentence imposed in excess of the applicable statutory maximum sentence(s); and
>
> (b) Any sentence that constitutes an upward departure from the advisory guideline sentencing range calculated by the court at the time sentence is imposed.

The defendant acknowledges that before giving up these rights, he discussed the Federal Sentencing Guidelines and their application to his case with his attorney, who explained them to his satisfaction. The defendant further acknowledges and understands that the government retains its right to appeal where authorized by statute.

I, CHARLES PIERCE FARRIS, JR., hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

*[signature]*
_____
CHARLES PIERCE FARRIS, JR.

## V. UNITED STATES SENTENCING GUIDELINES:

Counsel has explained to the defendant, that in light of the United States Supreme Court's recent decision in United States v. Booker, 125 S.Ct. 738 (2005), the federal sentencing guidelines are **advisory** in nature. Sentencing is in the court's discretion and is no longer required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range and defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI. AGREEMENT NOT BINDING ON COURT:

The Parties fully and completely understand and agree that it is the Court's duty

to impose sentence upon the defendant and that any sentence recommended by the government is **NOT BINDING UPON THE COURT**, and that the Court need not accept the government's recommendation. Further, the defendant understands that if the Court does not accept the government's recommendation, he does not have the right to withdraw his plea.

## VII. VOIDING OF AGREEMENT:

The defendant understands that should he (a) violate any federal, state, or local law after entering into this Plea Agreement, (b) move the Court to accept his plea of guilty in accordance with, or pursuant to, the provisions of North Carolina v. Alford, 400 U.S. 25 (1970), or (c) tender a plea of *nolo contendere* to the charges, the agreement will become NULL and VOID, and the United States will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained therein.

## VII. OTHER DISTRICTS AND JURISDICTIONS:

The parties understand and agree that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

## IX. TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS:

Unless otherwise specified herein, the parties understand and acknowledge that this agreement does not apply to or in any way limit any pending or prospective proceedings related to defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

## X. DEFENDANT'S UNDERSTANDING:

I have read and understand the provisions of this agreement consisting of eleven (11) pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence in my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE,**

CPF

**NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated hereafter:

[ _None_ ]
(if none, write "N/A")

I understand that this Plea Agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this Agreement and have signed the signature line below to indicate I have read and approve all of the previous paragraphs of this Agreement, and understand all of the provisions of this Agreement, both individually and as a total binding agreement.

10-30-06                   _/s/ Charles P. Farris_
DATE                       CHARLES PIERCE FARRIS, JR.
                           Defendant

## XI. COUNSEL'S ACKNOWLEDGMENT:

I have discussed this case with my client in detail and have advised him of his rights and all possible defenses. My client has conveyed to me that he understands this Agreement and consents to all its terms. I believe the plea and disposition set



forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the plea as indicated above and on the terms and conditions set forth herein.

Oct. 30, 2006
DATE

WILLIAM PORTER, ESQ.
Defendant's Counsel

## XII. GOVERNMENT'S ACKNOWLEDGMENT:

I have reviewed this matter and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

ALICE H. MARTIN
United States Attorney

by:

10/30/06
DATE

ANGELA REDMOND DEBRO
Assistant United States Attorney